IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH SINGLETON,

    Petitioner,

v.

RODERICK W. HICKMAN,

    Respondent

No. C 05-03557 WHA

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner Kenneth Singleton is serving 50 years to life in California state prison. He has stated valid claims under 28 U.S.C. 2254. The government is **ORDERED** to answer the petition.

## STATEMENT

Petitioner was convicted January 15, 2003, in Alameda County Superior Court of first-degree murder. A firearm enhancement was found true. He appealed to the state court of appeal. That court affirmed the verdict July 30, 2004. On August 25, Mr. Singleton's petition for rehearing was denied. The California Supreme Court denied his petition for review October 13, 2004. Petitioner filed the instant petition for a writ of habeas corpus September 2, 2005.

## ANALYSIS

**1.   STANDARD OF REVIEW.**

A district court may entertain a habeas petition filed by someone in custody pursuant to a state-court judgment but only on grounds that he or she is held in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2254(a). A court may "issue an order directing the respondent to show cause why the writ should not be granted," unless the petition is baseless.

28 U.S.C. 2243. Summary dismissal is appropriate only if the petition's allegations are vague, conclusory, incredible or frivolous. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### 2. PETITIONER'S LEGAL CLAIMS.

Petitioner seeks relief on the grounds that his conviction and sentence violated his rights under the Fifth, Sixth, Eighth and Fourteenth amendments. *First*, petitioner contends the state violated his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), by admitting into evidence at his trial a confession he gave involuntarily to police. He contends the evidence was prejudicial because it undercut his credibility (he testified) and was used as substantive proof of guilt. *Second*, petitioner states he was deprived of due process at sentencing because the judge stated that he was unable to reduce the sentence, despite authority to do so under the Eighth Amendment's ban on cruel and unusual punishment. The petition states cognizable claims.

## CONCLUSION

Respondent shall file and serve upon petitioner, within sixty days of service of this order, an answer conforming to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Respondent shall, within that time, also serve an indexed copy of the transcribed state record that is relevant to the issues in the petition, as well as other documents required by Habeas L.R. 2254-6(b). If petitioner wishes to respond to the answer, he shall file a traverse with the Court and serve it upon respondent within thirty days of the answer being filed.

**IT IS SO ORDERED.**

Dated: December 7, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE