IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH SINGLETON,

    Petitioner,

  v.

JAMES E. TILTON, Acting Secretary, California Department of Corrections and Rehabilitation, and DEE ADAMS, Warden, Corcoran State Prison,

    Respondents.

No. C 05-03557 WHA

**ORDER GRANTING CERTIFICATE OF APPEALABILITY**

## INTRODUCTION

Petitioner Kenneth Singleton has filed a notice of appeal and a petition for certificate of appealability. His petition presented questions that deserve further attention, at least after all doubts are resolved in petitioner's favor. The Court therefore **ISSUES A CERTIFICATE OF APPEALABILITY**.

## STATEMENT

Petitioner was convicted of first-degree murder with a firearm enhancement following a jury trial in Alameda County Superior Court. Petitioner fatally shot the victim about two hours after they had a fistfight. Petitioner was seventeen at the time and eighteen when arrested (Pet. at 2–4). On the day of his arrest, petitioner was put in an interview room at 10 a.m. Interviewers read petitioner his Miranda rights at around noon, when he invoked his right to counsel. The interviewers started to leave the room, but stopped when petitioner told them that

he wanted to talk. This first interview lasted less than twenty minutes. Petitioner was then interviewed on-and-off throughout the day without further advisement of his rights. At one point, petitioner asked to speak to his mother. He was allowed to call her, but the conversation was secretly taped and monitored by detectives. Eventually, petitioner gave a taped confession at ten that evening (Pet., App. A at 1–5).

Petitioner was found mentally incompetent to stand trial in August 2000. In April 2002, he was found competent. The judge ruled that the confession could not be used in the prosecution's case-in-chief because it was taken in violation of petitioner's right to counsel. It held, however, that the statement could be used for impeachment because it was not coerced (Exh. 6-A at 184–88). Petitioner testified and was impeached with his taped confession. He was subsequently convicted of first-degree murder with a firearm enhancement. The court imposed the statutory mandatory sentence of fifty years to life.

When a petitioner files a notice of appeal, the district judge who considered his petition must either certify his appeal or state why a certificate should not issue. FRAP Rule 22(b)(1). Without such a certificate, the petitioner cannot pursue his challenge. A district court may grant a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). Such a showing is made if the petitioner demonstrates "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Any doubt is resolved in the petitioner's favor. *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (citations omitted) (brackets in original).

Petitioner argued that his confession should have been deemed coerced, and should not have been used for impeachment. He asserted that its use prejudiced his defense. He also argued that his sentence was so disproportionate as to constitute cruel and unusual punishment. The question before the Court now is whether petitioner made a substantial showing that the state did not afford him his constitutional rights. This order holds that he did. His interrogation was flawed and there are serious questions about petitioner's mental capacity at the time. For those reasons, whether or not the trial court should have admitted the interrogation as

impeachment evidence is a question that deserves to proceed further. *Lambright*, 220 F.3d at 1025. The sentencing proceedings were truncated, perhaps because of the trial judge's erroneous belief that there was no discretion to reduce the sentence even if it otherwise would be constitutionally disproportionate. The court stated its desire to sentence petitioner to less prison time. Because of these facts, the sentencing issue also is "adequate to deserve encouragement to proceed further." *Ibid.* In his petition, Mr. Singleton contended that he received ineffective assistance of counsel. He does not ask for a certificate of appealability on that issue. The certificate of appealability therefore does not cover that issue.

## CONCLUSION

For the reasons stated above, the request for a certificate of appealability on the two issues of evidentiary error and disproportionate sentencing is **GRANTED**.

**IT IS SO ORDERED.**

Dated: September 5, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3